United States Court of Appeals,

Fifth Circuit.

No. 92–3174

Summary Calendar.

INDEPENDENT FIRE INSURANCE CO.,
Plaintiff–Cross–Defendant–Appellee–Cross–Appellant,

v.

Robert W. LEA, Jr., J. Randall Lea, and Elizabeth Lemoine Lea,
Defendants–Cross–Plaintiffs–Appellants–Cross–Appellees,

and

Richard Dennis Guffey, d/b/a Dick Guffey Insurance, Defendant–Cross–Appellee.

Dec. 18, 1992.

Appeals from the United States District Court For the Eastern District of Louisiana.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

## BACKGROUND

In October, 1990, Independent Fire Insurance Company ("Independent Fire"), appellee, filed a complaint for declaratory judgment in the United States District Court for the Eastern District of Louisiana seeking a determination that it did not provide fire and vandalism insurance on certain apartment complexes owned by Robert W. Lea, Jr., Randall Lea, and Elizabeth Lemoine Lea ("the Leas"), appellants. It also sought declaratory relief that Richard Dennis Guffy d/b/a Dick Guffy Insurance ("Guffy"), was not acting as its agent in connection with any attempts to place insurance on the apartment projects. The Leas counterclaimed for fire losses to the apartments and cross-claimed for damages against Guffy as agent, in the event the Court found that Guffy had failed to secure insurance coverage on the apartment units.

In March 1991 the Leas amended their counterclaim to increase their demand and ask for penalties and interest for failure to pay an insurance claim under Louisiana law. Trial was originally set for June 17, 1991, but was reset for January 6, 1992. In December 1991 the Trial Judge allowed

Independent Fire to amend its original complaint so as to allege the Leas were guilty of fraud under Louisiana law which would permit recision of any contract of insurance and allow an award of attorney's fees and costs. The matter was ultimately tried as a bench trial for four days beginning January 6, 1992, during which more than 100 exhibits were put into evidence and testimony was heard from twelve witnesses.

In a 43 page opinion, (782 F.Supp. 1144; E.D.La.1992) the Trial Court, after detailed review of the testimony and evidence, concluded that no policy had ever been issued by Independent Fire to the Leas and confirmed its earlier summary judgment that Guffy was the agent of the Leas and not of Independent Fire. It further found that no case had been made on the cross-claims by the Leas against Guffy; and that, since there was never any contract of insurance, there could be no recision, and therefore no fraud in the inducement. Hence the Trial Court granted the declaratory relief sought by Independent Fire that it had no policy liability, dismissed the Leas counterclaim, dismissed the Leas cross-claim against Guffy, and dismissed Independent Fire's claim for damages and attorney's fees against the Leas based on fraud. More or less on its own motion, the Trial Court found that the filing of the application for insurance and the filing of the amended counterclaim by the Leas, violated Rule 11 of the Federal Rules of Civil Procedure; and awarded attorney's fees and costs of $50,396.89 to Independent Fire as sanctions against the Leas. In this appeal, the Leas appeal from the levy of the sanctions against them, the Independent Fire cross-appeals the refusal of the Trial Court to award it attorney's fees and damages for fraud.

## OPINION

*Part A. Rule 11 Sanctions*

While the Trial Judge has broad discretion in assessing sanctions under Rule 11, we conclude that he abused such discretion in applying sanctions to Randall Lea and Elizabeth Lemoine Lea. These two individuals lived in Springfield, Missouri, and were involved in this litigation solely because of their joint ownership with Robert W. Lea, Jr. the apartment projects purportedly insured by Independent Fire. Neither of these individuals participated in the day to day management of the apartment projects; and neither had any contact with Mr. Guffy or any representatives of

Independent Fire regarding the insurance coverage. Neither of these individuals gave any testimony either by deposition or at the time of trial; and neither attended the 4–day trial. Neither of these individuals signed any pleading, any affidavits, or any loss claim forms. In its lengthy opinion, the Trial Court clearly identified the many grounds and circumstances on which it felt that actions taken by Robert W. Lea, Jr. failed to satisfy the requirements of Rule 11; but no where did the Trial Court identify any similar actions as having been taken by either Randall Lea or Elizabeth Lemoine Lea.

While Rule 11 of the Federal Rules of Civil Procedure does contemplate that sanctions can be levied against a "represented party", we are constrained to hold under the facts of this case that the "represented party" against which sanctions are levied must be a party who had some direct personal involvement in the management of the litigation and/or the decisions that resulted in the actions which the court finds improper under Rule 11. This test would clearly include Robert W. Lea, Jr. but would also clearly exclude Randall Lea and Elizabeth Lemoine Lea. There is nothing in the express language of Rule 11 that all parties at interest on a particular side of a given law suit shall be subject to sanctions on a pro rata or joint and several liability or *in solido* basis; and we do not think that the basic policies of "deterrence and education" behind Rule 11 require an interpretation of the Rule which creates such forms of vicarious liability.

We have tested the circumstances and applicability of the sanction judgment against Robert W. Lea, Jr. under the teachings and standards outlined by the Supreme Court in *Cooter & Gell v. Hartmarx Corporation,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), and *Business Guides v. Chromatic Communications Enterprises, Inc.,* —— U.S. ——, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991); and hold that the Trial Court's determinations as to the occasions for and the amount of such sanctions are well within the "objective standard of reasonableness" and the discretion vested by necessity in the Trial Court. We therefore affirm the Trial Court's judgment as to sanctions applicable to Robert W. Lea, Jr.

*Part B. Independent Fire's Fraud Claim*

Independent Fire cross appeals regarding the failure of the Trial Court to award it damages for fraud either under a contract or tort theory. Louisiana Civil Code Article 1958, under which

Independent Life initially sought recovery, states:

> The party against whom recision is granted because of fraud is liable for damages and attorney's fees.

However, the Trial Court did not grant recision of an insurance policy on account of fraud; but rather found that the insurance application originally submitted by Guffy contained a variety of material misrepresentations, that this application was never accepted by Independent Fire, that no initial premium was ever paid by the Leas to Independent Fire, and that no policy was ever issued by Independent Fire insuring the apartment project owned by the Leas. Consequently, the court held that Article 1958 was not applicable to this case. We think the trial court findings were amply supported by the evidence and his conclusion of law was correct.

In a post trial memorandum and in their appellate brief, Independent Life asserts that it should not be limited to a contract theory of fraud under art. 1958, but should be entitled to recovered damages on a tort theory of fraud. Our reading of the record convinces us, however, that the case was not tried on a tort theory of fraud; and the Trial Court clearly did not address that theory in rendering its decision. We decline to address that theory of recovery when it has not been considered by the Trial Court.

## CONCLUSION

For all of the foregoing reasons, we hereby order that the final judgment entered in this cause under date of February 7, 1992, be and it is hereby amended by striking the names of "Randall Lea and Elizabeth Lemoine Lea" from the subparagraph awarding judgment in favor of Independent Life of $50,396.89 as sanctions under Rule 11; and as so amended, such final judgment is now

AFFIRMED.